## Commonwealth v. Binkley

*Jerome H. Gerber*, Deputy Attorney General, for Commonwealth.

*Bruce E. Cooper*, for appellant.

SHELLEY, J., April 1, 1963.—This matter comes before us on the motion of the State Civil Service Commission to quash the appeal to this court by Betty G. Binkley, hereinafter referred to as appellant, from an adjudication of the commission.

Appellant is a resident of Lemoyne, Cumberland County, Pennsylvania, and has been employed under Civil Service by the Department of Health as a Public Health Nurse I since on or about October 10, 1938. On November 6, 1961, the Secretary of Health dismissed

appellant from her position with the Department of Health effective as of January 2, 1962. Appellant appealed her dismissal to the Civil Service Commission. After hearing, her appeal was sustained and her reinstatement to duty was ordered.

Prior to the aforesaid proceeding, appellant performed duties in Cumberland County as a Public Health Nurse I. After her reinstatement by the order of the Civil Service Commission, she was not returned to her former assignment but was given duties to perform in the office of the Director of the Bureau of Public Health and Nursing in Harrisburg. Subsequently, appellant received notice assigning her to duties as a Public Health Nurse I in Beaver County, Pennsylvania. She made a request to the Secretary of Health to reconsider the transfer order. The secretary never acted upon the request. Appellant then appealed to the Civil Service Commission and after hearing the action of the Secretary of Health in transferring appellant to Beaver County was upheld by the Civil Service Commission. Thereupon, appellant appealed to this court under the provisions of section 41 of the Administrative Agency Law, [1] 71 PS §1710.41, which section provides for an appeal to this court by any person aggrieved by the adjudication of any agency[2] having statewide jurisdiction empowered to determine or affect private rights, privileges, immunities or obligations by regulation or adjudication.

Under the provisions of article XXI, section 2111, of the Administrative Code,[3] rules and regulations were adopted by the Department of Health. Section 12 of the rules and regulations provides as follows:

"A. Appeal from Transfer, Demotion or Removal.

---

[1] Act of June 4, 1945, P. L. 1388, 71 PS §1710.1 et seq.

[2] See section 2 of the Administrative Agency Act, 71 PS §1710.2, for definition of agency.

[3] Act of April 9, 1929, P. L. 177, as amended, 71 PS §541.

"Any person appointed to a permanent position in the Department of Health, pursuant to these rules and regulations, shall have a right to appeal to the Commission on any question involving a transfer, demotion or removal from said position. The provisions of Article VIII, Section 807 of the Act of August 5, 1941, P. L. 752, as amended, shall be applicable to any such appeal and shall prescribe the procedure to be followed and determine the merits of all matters brought before it in pursuance of this section."

This rule was adopted so that the services of the Civil Service Commission could be made available to the Department of Health under article II, section 212, of the Civil Service Act,[4] as amended, 71 PS §741.212 (a), which provides:

"(a) The services and facilities of the commission and its staff shall be available to . . . State departments, boards, commissions, or agencies and political subdivisions of this Commonwealth upon such terms and conditions as may be prescribed by the rules of the commission, which rules shall provide for the payment to and reimbursement of the Commonwealth for the reasonable cost of such services and facilities."

The sole question in this case is whether appellant's right of appeal is regulated by section 41 of the Administrative Agency Law, 71 PS §1710.41, or by article VIII, section 807(a), of the Civil Service Act, 71 PS §741.807(a).

Appellant contends that, because she is an employe of the Department of Health, her right of appeal is under section 41 of the Administrative Agency Act, supra, which section provides for appeal to this court.

The Commonwealth contends that since, by agreement with the Civil Service Commission, the Depart-

---

[4] Act of August 5, 1941, P. L. 752, as amended, 71 PS §741.1 et seq.

ment of Health availed itself of the provisions of section 212 of the Civil Service Act, supra, appeals from the action of the Civil Service Commission by an employe of the Department of Health are governed by the Civil Service Act.

Section 41 of the Administrative Agency Law, supra, provides for appeals to this court by any person aggrieved by the adjudication of any agency of the Commonwealth which is subjected to the Administrative Agency Law, and we have heretofore determined that the Department of Health is subject to the Administrative Agency Law: Whitehall Pharmacal Co. v. Mattison, 12 D. & C. 2d 563, 70 Dauph. 230 (1957). However, since the appeal of appellant is from the adjudication of the Civil Service Commission and not from an adjudication of the Department of Health, any appeal must be as provided for in the Civil Service Act.

Article VIII, section 807(a), of the Civil Service Act, as amended, supra, provides:

"(a) . . . If the commission finds that the action complained of was taken by the appointing authority for any political, partisan, religious or racial reason, or because of labor union affiliation, the employe shall be reinstated to his position without loss of pay. In all other cases the final decision shall not be reviewable by any court. . . ."

Since there is nothing in the record in this case which suggests that the action of the Secretary of Health in transferring appellant was predicated upon any "political, partisan, religious or racial reason or because of labor union affiliation" on the part of appellant, it is obvious that this court is without jurisdiction to adjudicate this appeal.

In considering the question, we cannot conclude that the legislature intended employes of the Department of Health to be preferred over other employes regu-

lated by the Civil Service Commission in matters pertaining to review of decisions of the commission affecting such employes.

To hold otherwise would lead to confusion. Statutes are to be construed in connection and in harmony with existing law, and as a part of a general and uniform system of jurisprudence: Erie School District Appeal, 155 Pa. Superior Ct. 564, 572, 573 (1944). This case is also reported as In re Peplinski's Estate in 39 A. 2d 271.

We conclude, therefore, that this appeal of the appellant from the adjudication of the State Civil Service Commission must be quashed.

Since we are quashing the appeal for the reasons set forth above, it is not necessary nor would any useful purpose be served by ruling on the exceptions of appellant to the adjudication of the Civil Service Commission.

And now, April 1, 1963, the appeal of Betty G. Binkley, appellant, is quashed. Costs to be paid by appellant.